IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Francis Gallagher,  Petitioner,  v.  Charles L. Ryan, et al.,  Respondents. | CIV 13-02058 PHX GMS (MEA)  REPORT AND RECOMMENDATION |

**TO THE HONORABLE G. MURRAY SNOW:**

Petitioner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on or about September 16, 2013, which was docketed on October 9, 2013. Respondents filed a Limited Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. 9) on March 7, 2014. Petitioner filed a reply to the answer to his petition on April 16, 2014. See Doc. 12.

**I Procedural History**

An information issued July 2, 2003, charged Petitioner with one count of aggravated robbery and one count of burglary in the second degree, both classified as class 3 felonies. See Answer, Exh. A.  The state subsequently alleged that Petitioner had three historical prior felony convictions and that he committed the charged offenses while released from confinement

on a prior conviction for armed robbery. Id., Exhs. B & C. On November 20, 2003, a jury found Petitioner guilty as charged. Id. Exh. D.

At sentencing on December 19, 2003, the state trial court found that Petitioner had three prior felony convictions and sentenced him to consecutive aggravted terms of twenty years incarceration on each count of conviction. Id., Exh. E.

Petitioner took a timely appeal of his convictions and sentences on January 8, 2004. Id., Exh. F. In his direct appeal Petitioner asserted: (1) the trial court abused its discretion in finding an adequate evidentiary foundation to support the admission of several trial exhibits; (2) the trial court abused its discretion in admitting the Department of Corrections' "prison packet" without sufficient evidentiary foundation to establish Petitioner's prior felony convictions; and (3) the trial court erred in imposing consecutive sentences. Id., Exh. G. Petitioner also filed a supplemental opening brief, raising an additional sentencing issue relating to aggravating factors. Id., Exh. I.

In a decision issued February 1, 2005, the Arizona Court of Appeals upheld Petitioner's convictions but remanded the case for re-sentencing upon finding that the imposition of consecutive sentences "constituted fundamental error." Id., Exh. K.

On remand on July 1, 2005, the trial court re-sentenced Petitioner to aggravated but concurrent terms of twenty years imprisonment on each of the two counts of conviction. Id., Exh.

-2-

N. Although Petitioner filed a notice of appeal from his re-sentencing, he then submitted a motion to dismiss his appeal on September 29, 2005. Id., Exhs. O & P. The Arizona Court of Appeals dismissed the appeal on October 21, 2005. Id., Exh. Q.

Petitioner initiated a total of four state post-conviction ("PCR") proceedings pursuant to Rule 32, Arizona Rules of Criminal Procedure. Petitioner initiated his first Rule 32 action on January 9, 2004, the day after Petitioner filed his first notice of appeal in the Arizona Court of Appeals. Id., Exhs. R & S. The trial court granted Petitioner's motion to dismiss the Rule 32 action on March 3, 2004. Id., Exh. V.

Petitioner initiated a second Rule 32 proceeding on July 14, 2005. Id., Exh. W. The trial court appointed counsel for Petitioner, and also found that "the filing of the [PCR notice] is timely as to the defendant's re-sentencing only." Id., Exh. X. On January 3, 2006, Petitioner's counsel filed a "petition for leave to file delayed notice of post conviction relief." Id., Exh. Y. On May 2, 2006, the trial court denied Petitioner's petition for leave to file a delayed PCR petition. Id., Exh. CC. Petitioner filed a petition for review in the Arizona Court of Appeals, which denied review on April 26, 2007. Id., Exhs. DD & EE.

On March 19, 2008, Petitioner filed a third notice pursuant to Rule 32. Id., Exh. HH. Petitioner asserted that he was denied his right to the effective assistance of counsel, that the trial court should not have admitted evidence of his

"alleged confession" and that he was entitled to a voluntariness hearing, and that he "should've been given the presumptive term [of imprisonment]." Id., Exh. II.  In a decision issued April 11, 2008, the state trial court found that Petitioner's post-conviction petition was untimely pursuant to Rule 32.4(a), Arizona Rules of Criminal Procedure, and that Petitioner was "precluded from relief on these claims pursuant to Rule 32.2(a) of the Arizona Rules of Criminal Procedure, because these claims either could or should have been raised on appeal or in a prior Rule 32 proceeding." Id., Exh. JJ.

Petitioner filed a "notice of appeal" on April 22, 2008. Id., Exh. KK.  The Arizona Court of Appeals sent Petitioner a letter explaining that his notice of appeal did not comply with Rule 32.9(c) of the Arizona Rules of Criminal Procedure, and allowing Petitioner thirty days to re-file a proper petition for review. Id., Exh. LL.  On June 20, 2008, the Arizona Court of Appeals dismissed the proceedings, noting that Petitioner had not filed a compliant petition for review or a request for an extension of time to do so. Id., Exh. MM.

On June 13, 2008, Petitioner initiated a fourth Rule 32 proceeding, and also filed a motion to modify his sentences. Id., Exh. PP.  In this Rule 32 action Petitioner raised the same three claims raised in his third Rule 32 action.  On August 5, 2008, the state trial court dismissed this proceeding and denied Petitioner's motion to modify his sentences. Id., Exh. QQ.  The state trial court expressly found that the state post-conviction action was untimely pursuant to Rule 32.4(a), Arizona Rules of

-4-

Criminal Procedure and that Petitioner was "precluded from relief on these claims pursuant to Rule 32.2.(a)" because "these claims either could or should have been raised on appeal or in a prior Rule 32 proceeding." Id., Exh. QQ.

In his federal habeas action Petitioner contends he was denied his Sixth Amendment right to the effective assistance of counsel because: his counsel "fail[ed] to challenge identification by [a] witness"; his counsel failed to present evidence of "physical incapability to commit the offense"; Petitioner's counsel failed to "challenge the prosecution's allegation placing [Petitioner] in the victim's home"; his counsel "fail[ed] to adequately challenge false testimony, thus allowing the testimony at the Deserault hearing into evidence."

Respondents assert that Petitioner's habeas action is not timely and that his claims are procedurally barred. Respondents contend:

> Petitioner's claim raised in the instant habeas petition is time barred because AEDPA's 1-year statute of limitations expired on April 28, 2008--5 years, 4 months, and 19 days before Petitioner submitted the petition to prison officials on September 16, 2013. Furthermore, statutory tolling does not save his petition and equitable tolling is not warranted because no extraordinary circumstances prevented Petitioner from raising this claim in a federal habeas petition filed on or before April 28, 2008.

**II Analysis**

**A. Statute of limitations**

The petition seeking a writ of habeas corpus is barred by the applicable statute of limitations found in the

-5-

Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA imposed a one-year statute of limitations on state prisoners seeking federal habeas relief from their state convictions. See, e.g., Espinoza Matthews v. California, 432 F.3d 1021, 1025 (9th Cir. 2005); Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The AEDPA provides that a petitioner is entitled to statutory tolling of the statute of limitations during the pendency of a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). See also Artuz v. Bennet, 531 U.S. 4, 8, 121 S. Ct. 361, 363-64 (2000); Harris v. Carter, 515 F.3d 1051, 1053 (9th Cir. 2008).

The statute of limitations was tolled during the pendency of Petitioner's direct appeal, which resulted in a re-sentencing, and during the pendency of Petitioner's properly-filed, post-resentencing, second Rule 32 action. Petitioner's post-resentencing state action for habeas relief concluded on or about May 26, 2007, when the time expired for seeking review by the Arizona Supreme Court of the Court of Appeals' decision denying review of the trial court's decision denying relief in Petitioner's post-resentencing (second) Rule 32 action. Petitioner's two subsequent Rule 32 actions did not statutorily toll the statute of limitations because these two state-court

proceedings were not "properly filed," i.e., timely, pursuant to the state's procedural rules.

Accordingly, the statute of limitations began to run on or about May 27, 2007, and expired on May 28, 2008, and Petitioner's federal habeas action filed September 16, 2013, was more than five years too late.

The one-year statute of limitations for filing a habeas petition may be equitably tolled if extraordinary circumstances beyond a prisoner's control prevent the prisoner from filing on time. See Holland v. Florida, 130 S. Ct. 2549, 2554, 2562 (2010); Bills v. Clark, 628 F.3d 1092, 1096-97 (9th Cir. 2010). A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814-15 (2005). See also Ford v. Gonzalez, 683 F.3d 1230, 1237 (9th Cir. 2012); Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010); Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011-14 (9th Cir. 2009). In Holland the Supreme Court eschewed a "mechanical rule" for determining extraordinary circumstances, while endorsing a flexible, "case-by-case" approach, drawing "upon decisions made in other similar cases for guidance." Bills, 628 F.3d at 1096-97.

The Ninth Circuit Court of Appeals has determined equitable tolling of the filing deadline for a federal habeas petition is available only if extraordinary circumstances beyond the petitioner's control make it impossible to file a petition

on time. See Chaffer v. Prosper, 592 F.3d 1046, 1048-49 (9th Cir. 2010); Porter, 620 F.3d at 959; Waldron-Ramsey, 556 F.3d at 1011-14 & n.4; Harris v. Carter, 515 F.3d 1051, 1054-55 & n.4 (9th Cir. 2008); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2003), modified on other grounds by 447 F.3d 1165 (9th Cir. 2006). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action. See Chaffer, 592 F.3d at 1048-49; Waldron-Ramsey, 556 F.3d at 1011; Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling is also available if the petitioner establishes their actual innocence of the crimes of conviction. See Lee v. Lampert, 653 F.3d 929, 933-34 (9th Cir. 2011).

Equitable tolling is to be rarely granted. See, e.g., Waldron-Ramsey, 556 F.3d at 1011; Jones v. Hulick, 449 F.3d 784, 789 (7th Cir. 2006); Stead v. Head, 219 F.2d 1298, 1300 (11th Cir. 2000). Equitable tolling is inappropriate in most cases and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). Petitioner must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." Porter, 620 F.3d at 959. It is Petitioner's burden to establish that equitable tolling is warranted in his case. See, e.g., Porter, 620 F.3d at 959; Espinoza Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2004); Gaston, 417 F.3d at 1034.

1        Petitioner contends that his trial counsel was
2   ineffective and that the Arizona Supreme Court recently
3   concluded that ineffective assistance of counsel is a basis for
4   declaring a mistrial and to "bring the defendant back to trial."
5   Petitioner also re-asserts that he is innocent of the crimes of
6   conviction and re-asserts why he believes his counsel's
7   representation during trial was unconstitutionally ineffective.
8   Petitioner maintains that, but for his counsel's errors, he
9   would not have been convicted.
10       Petitioner has not stated an adequate basis for
11  equitable tolling of the statute of limitations.  Compare
12  Holland, 130 S. Ct. at 2564; Porter, 620 F.3d at 961 (noting the
13  circumstances of cases determined before and after Holland).  A
14  petitioner's pro se status, ignorance of the law, and lack of
15  legal representation during the applicable filing period do not
16  constitute circumstances justifying equitable tolling because
17  such circumstances are not "extraordinary."  See, e.g., Chaffer,
18  592 F.3d at 1048-49; Waldron-Ramsey, 556 F.3d at 1011-14;
19  Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006);
20  Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004).  The
21  vicissitudes of prison life are not "extraordinary"
22  circumstances that make it impossible to file a timely habeas
23  petition.  See, e.g., Ramirez v. Yates, 571 F.3d 993, 997 (9th
24  Cir. 2009).
25       The Ninth Circuit Court of Appeals has held that a
26  petitioner is entitled to tolling of the statute of limitations
27  if they can establish that they are actually innocent of the
28                               -9-

crimes of conviction. See Lee, 653 F.3d at 934. The petitioner must show "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 938. Petitioner has not made a showing of any new evidence, but reasserts the factual claims made in his prior appeals with regard to the circumstance of his arrest and why he believes he was improperly identified by a witness. Accordingly, Petitioner is not entitled to tolling of the statute of limitations based on the theory of actual innocence.

Because the habeas action was not filed within the statute of limitations and Petitioner has not stated a proper basis for equitable tolling of the statute of limitations, the Court need not consider the merits of his claims.

**III Conclusion**

Petitioner did not file the habeas petition within one year of the date his state conviction became final. Petitioner has not established that he is entitled to equitable tolling of the statute of limitations nor his actual innocence.

**IT IS THEREFORE RECOMMENDED that** Mr. Gallagher's Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Pursuant to 28 U.S.C. foll. § 2254, R. 11, the District Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The undersigned recommends that, should the Report and Recommendation be adopted and, should Petitioner seek a certificate of appealability, a certificate of appealability should be denied because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

1   DATED this 16th day of April, 2014.

                                    _____
                                              Mark E. Aspey
                                       United States Magistrate Judge

-12-